# Johnston Harvester Company *v.* Burch, Appellant.

*Contract—Sale—Rescission—Replevin—Findings of fact.*

Where in an action of replevin for a binding machine, tried by the court, it appears that the defendant had taken the machine under a foreign attachment from a person to whom the plaintiff in the replevin had agreed to sell it, a finding of fact based upon sufficient evidence that the defendant in the foreign attachment had refused to accept the machine and that his refusal had been acquiesced in by the agent of the seller will not be set aside, and a judgment for the plaintiff for the machine will be sustained, by the appellate court.


Argued Feb. 25, 1914. Appeal, No. 6, Feb. T., 1914, by defendant, from judgment of C. P. Tioga Co., Sept. Term, 1909, No. 266, for plaintiff on case tried by the court without a jury in case of The Johnston Harvester Company v. J. H. Burch. Before RICE, P. J., HENDERSON, HEAD, PORTER, KEPHART and TREXLER, JJ. Affirmed.


Replevin for a binding machine.

The case was tried by the court without a jury under the act of April 22, 1874.


CAMERON, P. J., found the facts to be as follows:

On June 1, 1909, W. O. Curtis and C. L. Vaughn, agents of the plaintiff company, called on one Burt Leach at his residence on his farm in Troupsburg, in the state of New York, for the purpose of selling him a binder. On that day, he signed an order for the "Bonnie binder" in question. A copy of the pertinent parts of the order are as follows:


"June 1, 1909, The Johnston Harvester Co.: Please ship me at once with freight from Knoxville, Pa., the machine specified below. 1 Bonnie binder 6. Price 130.00; 1 tank, 1 carrier.

"For which I agree upon demand to make settlement in cash or notes as follows:

"One note $30.00 due Jan. 1st, 1910.

"One note $50.00 due Dec. 1st, 1910.

"One note $50.00 due Dec. 1st, 1911.

"All interest at 6 per cent. per annum from Oct. 1st, 1909.

"It is stipulated and agreed that the title to the above ordered machine or machines shall remain in the Johnston Harvester Company until fully settled for. Each machine warranted as upon back of this order, a copy of which I have received.

"(Signed)        BURT LEACH, Purchaser."


The shipping directions are as follows:

"Name; Burt Leach.  P. O., Woodhull, state N. Y. R. R. station, Knoxville, Pa.  How to ship, in car, R. R.

"Traveling salesman, C. L. VAUGHN."


In pursuance of the order the property in question was shipped to Burt Leach from Elmira, New York, June 10, 1909, and reached Knoxville, June 11, 1909, over the Buffalo & Susquehanna Railroad, from Addison, N. Y., to Knoxville, Pennsylvania.

[At the time the order was signed and delivered and as an inducement to the giving thereof the plaintiff's agents agreed] [3½] [that Burt Leach might cancel the order at any time before August 1, 1909. They told him that if he would sign the order they would give him the privilege of canceling it if he wrote them before August 1.] [4]   When he was notified that the binder was at Knoxville he telephoned Mr. Curtis he would not take it; he would not have it crowded on him till he knew whether or not his crop would pay for it.   Some time in July, after talking with Mr. Curtis, he concluded to take the binder and sent a man to Knoxville after it.   The station agent refused to let the man have it until a charge of $2.00 for storage was

paid; this Mr. Leach refused to pay and telephoned Mr. Curtis that, as there were to be no charges, he would not take the binder; Mr. Curtis telephoned back that he would call in a few days. He did call, and asked Mr. Leach if he had decided not to take the binder, and Mr. Leach replied that he would not take it. He was asked and answered:

"Q. What further was said? A. Mr. Curtis then said he had a place to use the machine; afterwards he would order me another one if I wanted it—that he would order me another one at any time."

He never ordered another machine of the plaintiff. He never used the machine in question; it never was tried on his place, and never was on his place; [he never had possession of it physical or constructive.] [5] [He refused to take it and rescinded the order.] [6] [Mr. Curtis, who, with C. L. Vaughn took the order, recognized his right so to do and took possession of it for the company plaintiff. He paid the charges due the Buffalo & Susquehanna Railroad and had the machine moved about a mile to Mr. Woodberry's barn and paid the man who moved it. In this behalf, acting for the plaintiff by direction of Mr. Near, the district manager, under whom both he and Mr. Vaughn operated.] [7]

While the binder was in Mr. Woodberry's barn the defendant by proceedings in foreign attachment seized and sold it as the property of Burt Leach, purchased it at the sale and took possession of it. Before the sale and after the seizure as aforesaid Mr. Leach at the request of Mr. Curtis notified the defendant that the binder did not belong to him, but was the property of the Johnston Harvester Company, the plaintiff in this action.

The market value of the binder at the time the writ of replevin was served was $130

The court entered judgment for plaintiff.

*Error assigned* was in entering judgment for plaintiff.

*S. F. Channell*, with him *C. H. Ashton, H. F. Marsh* and *F. E. Watrous*, for appellant.

*Edward H. Owlett*, with him *Walter Sherwood*, for appellee.

OPINION BY TREXLER, J., April 27, 1914:

This is an action of replevin tried before the court below without a jury. The facts as found by the trial judge may be summarized as follows:

Burt Leach by writing dated June 1, 1909, ordered from the plaintiff, the Johnston Harvester Co., a "bonnie binder." The order provided that title to the machine "should remain in the Johnston Harvester Co., until fully settled for." At the time the order was signed by him and as an inducement to the giving thereof, plaintiff's agent agreed that Burt Leach might cancel the order at any time before August 1, 1909. The binder was shipped and the vendee declined to take it, but was persuaded by the agent to accept it. The station agent of the railroad refused to deliver the machine to the vendee until the freight was paid and the vendee declined to pay the freight. He informed the local agent of the plaintiff that he would not take the binder. A few days later a conference was had between the agent of the company and Leach and the latter persisted in his refusal. The agent then declared he had a place to use the machine and that if Leach afterwards desired to order another machine he would procure it for him. Leach never had the machine, never used it, never had possession of it, physical or constructive. He refused to take it and rescinded the order. The agent of the Harvester Company recognized his right so to do and took possession of the machine for the company, removing it to a barn in the neighborhood. In the latter place it was seized by proceeding in foreign attachment and sold as the property of Burt Leach.

These are the facts as they appear upon the record and they are all supported by the evidence in the case. The trial judge found in favor of the plaintiff.

There are eleven assignments of error but they need not be considered separately. Some of them relate to the findings of facts by the trial judge. After a careful reading of the testimony we find there was competent evidence to support all the findings.

The other assignments of error may be grouped under one proposition. Was the court right in admitting the evidence of a single witness, the party to the original order, to show a contemporaneous agreement which induced him to sign the contract? Notwithstanding the carefully prepared argument of the appellant, we feel that the decision of the case rests not in the answer to the above proposition but in the question as to whether the parties to the contract rescinded it. The judge trying the case found such to be the fact. He had sufficient evidence before him to sustain that finding. When that fact was found the matters which entered into the execution of the contract ceased to be of any moment. Both of the parties were competent to make a contract and to unmake it. The rescission, which took place before the attachment proceedings were had, ended the binding force of the contract and both parties were relieved of it. The purchaser of the machine refused to accept it. Whether he had a right to do so matters not. The agent of the company acquiesced in his refusal and provided a place for the machine. To quote his language "he said he had a place to use the machine and would order another one if I (Leach) wanted it." Could the purchaser have maintained title against the vendor after such act on his part? His attaching creditor's rights rose no higher than the debtor's.

As stated before, apart from any other question involved in the case we think the rescission of the contract is the determining factor of the whole matter and the

court having found that the contract was annulled by the parties thereto, the judgment necessarily had to be for the plaintiff, the Harvester Company, the owner of the machine.

All of the assignments are overruled.

Judgment affirmed.